IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**GERALD GEORGE,** *et al.*,

    **Plaintiffs,**

**v.**

**KRAFT FOODS GLOBAL, INC.,** *et al.*,

    **Defendants.**

Case No. 1:07-cv-1713

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 16(b) and 26(f), a conference was held on May 4, 2007. The participants were: Nicole H. Bolton of Schlichter Bogard & Denton for all Plaintiffs, and Ronald Kramer and Ian Morrison of Seyfarth Shaw for all Defendants.

**I.**     **Description of Claims.**

    **A.**     **Claims of Plaintiffs:**

This is a class-action breach-of-fiduciary-duty suit brought pursuant to the Employee Retirement Income Security Act of 1974 as amended ("ERISA") against Defendants who were fiduciaries of the Kraft Foods Global, Inc. Thrift Plan ("the Plan"). Plaintiffs claim that the fiduciaries breached their duties by allowing the fees and expenses charged to operate and administer the Plan to be unreasonably excessive and not used solely for the benefit of participants. Plaintiffs also claim that the fiduciaries breached their fiduciary duties by allowing excessive cash to be held in the Altria Stock Fund and Kraft Foods Stock Fund which reduced participants' earnings. Plaintiffs further claim that the relevant fees and expenses were not disclosed to them. Plaintiffs bring this

suit on behalf of all participants in the plan for plan-wide relief as required by 29 U.S.C. § 1132(a)(2). They seek a jury trial on all non-equitable issues. Plaintiffs seek attorneys fees and costs as well.

### B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants:

At this time, defendants have not filed any counterclaims, cross-claims, or third-party claims. Defendants deny all of Plaintiffs' claims and assert defenses including that certain of them are not ERISA fiduciaries, that certain claims are barred by the statute of limitations, that they complied with all ERISA reporting and disclosure obligations, that they are not liable for investment losses allegedly suffered by Plaintiffs and that Plaintiffs are not entitled to the requested relief under ERISA. Defendants deny Plaintiffs' claim that they are seeking plan-wide relief. Defendants intend to oppose class certification and to move to strike Plaintiffs' jury demand because Plaintiffs are not entitled to a jury trial on any issue in this case. Defendants reserve the right to seek attorneys' fees and costs at an appropriate time.

## II. Prospects of Settlement.

A. The parties have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. It appears that settlement is unlikely at this time.

B. The parties could not agree to request an early settlement conference. The Plaintiffs believe that they are not in a position to discuss settlement in a meaningful way until they have had discovery from the Defendants. Defendants disagree with this assertion.

      C.      In the event that a settlement conference becomes desirable at an earlier stage of the litigation, the Plaintiffs prefer a settlement conference with a mutually agreeable facilitator. Defendants believe that a judge or magistrate judge would be well-suited to assist the parties with any settlement discussions.

### III.    Pre-Discovery Disclosures.

      A.      The parties believe that Rule 26(a)(1) applies.

      B.      The parties will exchange by June 1, 2007 the information required by Fed. R. Civ. P. 26(a)(1).

### IV.    Discovery Plan.

The parties anticipate that discovery will be needed on the following subjects:

      A.      Plaintiffs intend to seek discovery into the roles of the Plan's fiduciaries, whether they breached their fiduciary duties to the Plan, the administration of the Plan, the fees and expenses charged to administer and operate the Plan and the investment alternatives, the selection of the investment alternatives available to the Plan's participants, the relationship between the Plan and the Plan's service providers, the administration and operation of the employer stock funds, the alleged injury to the Plan, and the calculation of damages, if any. Plaintiffs do not see any need to bifurcate discovery.

      B.      Defendants believe that the discovery requested by Plaintiff is excessively broad given the issues in this case. At this time, Defendants intend to seek discovery regarding plaintiffs' investments in the Plan, communications to the Plaintiffs and their reliance thereon, investments of the Plaintiffs, the propriety of class certification, the claimed damages or relief. Defendants believe that discovery as to class certification

should occur first, followed by briefing and a decision on class certification, and then merits discovery, if any.

        C.        If the Court bifurcates discovery, Defendants submit that fact discovery should be completed 120 days after the ruling on class certification. If the Court does not bifurcate discovery, the parties agree that all non-expert fact discovery should be completed by February 28, 2008.

        D.        Plaintiffs anticipate that this will require a total of 20 depositions of fact witnesses and defendants anticipate that they will require a total of 10 depositions of fact witnesses. The Plaintiffs will request permission to serve more than 25 interrogatories. Defendants do not necessarily agree to any variation from the limits prescribed by Rules 30 and 33 is warranted in this case.

        E.        Defendants submit that the Court should bifurcate discovery and that plaintiffs' expert reports should be due 30 days after the close of fact discovery, defendants' expert reports due 60 days thereafter, rebuttal reports due 30 days thereafter, and all expert depositions completed 30 days thereafter.

If the Court does not bifurcate discovery, the parties agree that reports from retained experts under Rule 26(a)(2) shall be due:

        a.        from Plaintiffs: October 15, 2007; and

        b.        from Defendants: December 14, 2007.

        c.        rebuttal reports from Plaintiffs: January 15, 2008.

        F.        If the Court adopts the dates stated above, the parties agree that all retained expert depositions commence after all reports are served and shall be completed by February 28, 2008.

V.     **Class Certification.**

    A.     Defendants will file any response to Plaintiffs' Motion for Class Certification by July 20, 2007.

    B.     Plaintiffs will file any reply in support of their Motion for Class Certification by August 3, 2007.

    C.     Plaintiffs reserve the right to supplement their Motion for Class Certification before July 20, 2007. Defendants reserve the right to request a surreply. In order to meet this briefing schedule, Plaintiffs have agreed to give priority to class discovery, although they do not support bifurcation. If Plaintiffs supplement their class certification motion, it may be necessary to adjust the class certification briefing schedule.

VI.    **Dispositive Motions**.

Dispositive motions will be filed on or before 30 days after the close of expert discovery if discovery is bifurcated or March 31, 2008 if it is not.

VII.   **Pretrial/Trial Plan.**

    A.     Final Pretrial Order will be filed 14 days before the start of trial.

    B.     The case should be ready for trial by October 20, 2008.

VIII.  **Magistrate Judge Consent**.

All parties in the *George* case are willing to execute a consent to have all proceedings, including trial and entry of final judgment take place before a magistrate judge provided that the parties in the *Piro* case are willing to consent as well.

IX.    **Other Matters**.

A related case captioned *Piro, et al. v. Kraft Foods Global, Inc., et al.*, No. 07-cv-1954 was recently filed and assigned to Judge St. Eve. The *Piro* case involves the same

claims as the *George* case and a comparable putative class. Judge Andersen has granted an agreed motion to reassign the *Piro* case to his docket and has ordered that the *Piro* case should be referred to Judge Schenkier for scheduling and discovery matters.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.


Date: 5/15/07                                By _____s/ Elizabeth J. Hubertz_____
                                                     Elizabeth J. Hubertz


                                             **Schlichter, Bogard & Denton**
                                             Jerome J. Schlichter
                                             Elizabeth J. Hubertz
                                             Heather Lea
                                             120 W. Main Street, Ste 208
                                             Belleville, IL  62220

                                             100 South Fourth Street
                                             Suite 900
                                             St. Louis, MO 63102
                                             Tel:    314-621-6115
                                             Fax:    314-621-7151
                                             ehubertz@uselaws.com
                                             Lead Counsel for Plaintiffs



Date: 5/15/07                                By _____s/ Ronald Kramer_____
                                                     Ronald Kramer

                                             SEYFARTH SHAW
                                             131 South Dearborn Street
                                             Suite 2400
                                             Chicago, IL 60603
                                             312-460-5000 (telephone)
                                             312-460-7000 (facsimile)


CH1 11223655.1

CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2007, I electronically filed the Report of Parties' Planning Meeting with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ronald J. Kramer    rkramer@seyfarth.com, chidocket@seyfarth.com, lwilliams@seyfarth.com

Ian H. Morrison    imorrison@seyfarth.com, chidocket@seyfarth.com, hpappas@seyfarth.com

Kelly Ann Powis    kpowis@seyfarth.com, chidocket@seyfarth.com

and that the following non-CM/ECF participants will receive a copy via U.S. Mail:

Beth A, Bauer
Hepler Broom et al- Edwardsville
103 West Vandalia Street
Suite 300
Edwardsville, IL 62025-0510

Larry E Hepler
Hepler Broom
103 West Vandalia Street
PO Box 510 Suite 300
Edwardsville, IL 62025

_____s/ Elizabeth J. Hubertz_____