## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**GEORGE PIRO,** *et al.*,

     **Plaintiffs,**

                                    **Case No. 1:07-cv-1954**

**v.**

**KRAFT FOODS GLOBAL, INC.,**
*et al.*,

     **Defendants.**

### <u>MOTION TO INTERVENE</u>

Come now Gerald George, Cathy Dunn, Timothy Streff, and Andrew Swanson ("Applicants" or the "*George* Plaintiffs"), by counsel and pursuant to Rule 24(b)(2) of the Federal Rules of Civil Procedure, and move this Court for permission to intervene in this case for the limited purpose of filing the attached Motion to Stay.  As grounds for permissive intervention, Applicants state as follows:

1.      Rule 24(b)(2) allows intervention when the proposed intervenor's claim has a question of law or fact in common with the action in which he or she seeks to intervene and where no undue delay or prejudice will result to the existing parties. Applicants easily satisfy that test.

2.      On October 16, 2006, the Applicants filed an action against the Defendants in the United States District Court for the Southern District of Illinois. (Complaint, George v. Kraft Foods Global, Inc. et al., No. 06-CV-00798 (S.D. Ill.), attached as Exhibit A.)  In *George*, the Applicants claim that the defendant Kraft Plan violated ERISA by breaching ERISA's fiduciary duties owed to the Plan, its participants,

and beneficiaries (*George Complaint* ¶¶ 101-106).  The *George* Plaintiffs brought suit not only on their own behalf, but also, as ERISA § 502(a)(2) and the law of the Seventh Circuit require, on behalf of all similarly situated Thrift Plan participants and their beneficiaries.  (*See George* Complaint, ¶¶ 10, 12-16.)

3.     The instant action is a copycat of the *George* lawsuit.  Like the Applicants, Plaintiffs Piro and Baldi claim that the Defendants violated ERISA by breaching the fiduciary duties owed to the Plan.  (*See* Complaint, *Pino [sic] v. Kraft Foods Global Inc.*, No. 07 C 1954, ¶¶ 52-54, 57, 71, 73.)  Also like the Applicants, Plaintiffs Piro and Baldi purport to bring suit on behalf of a class of Thrift Plan participants and beneficiaries.  Since the Plaintiffs' claims exactly duplicate those in *George*, the Applicants clearly have a question of law or fact in common with plaintiffs Piro and Baldi.

4.     Intervention will not prejudice or delay the rights of the existing parties.  This suit is in its infancy.  Nothing of significance has occurred except for the filing of the copycat complaint and the copycat Plaintiffs' attempts to attach themselves to the *George* suit and have their attorneys appointed "co-lead counsel."   A grant of intervention at this stage will not slow down litigation which is barely underway and will streamline the ultimate disposition of this suit and the *George* suit by enabling the resolution of the issues outlined in the attached Motion to Stay.

5.     Further, as noted above, Applicants seek to intervene only for the purpose of filing the attached Motion to Stay and Memorandum in Support of Motion to Stay (attached as Exhibits B and C, respectively).  If granted, the Defendants will benefit by avoiding the duplicative litigation of identical issues in two courts in the same federal district.  They are clearly not prejudiced by the Applicants' motion.

6.     Nor can Piro and Baldi properly claim prejudice since they have no legal entitlement to be the head of their own class action suit, especially when their suit is a mere copycat of the first-filed *George* and since they have moved for consolidation and appointment of "co-lead counsel."  Although Piro and Baldi have now duplicated the allegations of *George,* in contravention of the long-standing principles of federal comity and "wise judicial administration" enunciated by the U.S. Supreme Court and this Circuit, a stay of this action will not injure their rights because they are members of the proposed plaintiff class in *George* and their rights will be fully vindicated in that action.

WHEREFORE, Applicants respectfully request that that this Court grant their Motion to Intervene, and enter an order filing their Motion to Stay and Memorandum in Support of Motion to Stay *instanter*, and for such further relief as the Court deems just and proper.

Dated:  May 31, 2007                    Respectfully submitted,

**Schlichter, Bogard & Denton**

   /s/ Elizabeth J. Hubertz
Jerome J. Schlichter
Elizabeth J. Hubertz
100 South Fourth Street
Suite 900
St. Louis, MO 63102
Tel:    314-621-6115
Fax:    314-621-7151
jschlichter@uselaws.com
ehubertz@uselaws.com
Lead Counsel for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on May 31, 2007, a copy of the foregoing Motion to Intervene was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ <u>Elizabeth J. Hubertz</u>
Elizabeth J. Hubertz
Schlichter, Bogard & Denton
100 South Fourth Street
Suite 900
St. Louis, Missouri 63102
Phone: (314) 621-6115
Fax: (314) 621-7151
E-mail: ehubertz@uselaws.com