# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD GEORGE, et al., | ) |
| Plaintiffs, | ) Case No. 1:07-cv-01713 |
| v. | ) Magistrate Judge Sidney I. Schenkier |
| KRAFT FOODS GLOBAL, INC., et al., | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER AND FOR LEAVE TO TAKE MORE THAN TEN DEPOSITIONS

Defendants Kraft Foods Global, Inc., *et. al*, submit this response in opposition to plaintiffs' motion to amend scheduling order and for leave to take more than ten depositions.

1. Plaintiffs attempt to justify their request for additional time to complete discovery by grossly misstating the history of discovery in this case. Plaintiffs' purported need for more time to review the documents produced by defendants in response to plaintiffs' June 2008 document requests is a self-inflicted problem.

2. Since at least this time last year, defendants have made clear that they objected to producing documents that predated the lawsuit by more than six-years (i.e., were older than October 2000). Shortly after plaintiffs' issued their initial discovery request in early 2007, which sought documents from October 16, 1996 to the present, defendants objected and informed plaintiffs of their position that document discovery should only cover a period of three years preceding the filing of the complaint. Former plaintiffs' attorney Kathy Wisniewski advised defense counsel at that time that a six year limitation of discovery likely would be acceptable, and defendants proceeded accordingly. Defendants objected to production of pre-2000 documents and generally produced only documents created after October 2000.

3. On July 20, 2007, defendants responded to plaintiffs' first request for production. In this response, defendants raised a general objection stating that "Defendants object to plaintiffs' discovery requests to the extent they purport to seek discovery of facts, information, or documents related to the period more than six years before the date upon which this action was filed." *See* Defendants' Response To Plaintiffs' First Set Of Requests For Production attached hereto at Exhibit 1.

4. Months went by, and plaintiffs never challenged this objection nor did they ask defendants to produce documents prior to 2000.

5. On December 17, 2007, defendants responded to plaintiffs' second request for production which sought documents from October 16, 1996 to the present. As before, defendants objected to producing documents predating October 16, 2000. *See* Defendants' Response To Plaintiffs' Second Set Of Requests For Production attached hereto at Exhibit 2. Consistent with this objection, defendants produced documents covering the period from October 2000 to, generally, late summer 2007 (the date of collection).

6. Not until March 12, 2008, did plaintiffs take issue with the time limitation. *See* Letter from Troy Doles at Exhibit 3. On March 17, 2008, the counsel conferred regarding numerous discovery matters, including the extent to which production of pre-2000 documents would be required. Defense counsel mentioned that while they objected to broad discovery for the period prior to October 16, 2000, they were willing to consider narrowly tailored requests for this period. Plaintiffs memorialized their impressions of this conference in a letter dated March 18, 2008. In this letter, plaintiffs pledged to "issue further discovery that is more narrowly tailored to the period preceding the year 2000 matters." *See* Letter from Nelson Wolff at Exhibit 4.

7. On March 21, 2008, defendants responded to this letter, stating that "we understand you will be issuing discovery related to the period after six years that would be narrowly tailored for specific documents. We will respond to any such request in due course, but otherwise, our objection stands." *See* Letter from Ronald Kramer at Exhibit 5.

8. Plaintiffs then waited two and a half months, until June 3, 2008 to serve this request for production. Moreover, on June 5, plaintiffs clarified that their June 3, 2008 request was "not meant to be the entire universe of all pre-2000 documents" that they were "interested in receiving." *See* Email from Troy Doles at Exhibit 6. They promised to provide defendants with "additional tailored categories of information as soon as we can." *Id.* Plaintiffs did not provide defendants with these categories until June 10, 2008. *See* Email from Troy Doles at Exhibit 7.

9. Plaintiffs now ask for documents from January 1, 1994 to the present, two years earlier than any prior request. While a few of plaintiffs' requests are narrowly tailored, most are broad and generic in nature. Complying with them in a timely manner has been a massive effort for defendants. However, defendants have produced documents that are responsive to plaintiffs' request as quickly as possible (production is ongoing). To the best of defendants' abilities they have informed plaintiffs of the contents of documents being produced, so that plaintiffs can better pinpoint the documents that they believe are most likely to contain information that they find relevant. These documents have been provided in a searchable format, or in a paper format which can easily be converted into a searchable format.[1] This gives plaintiffs the ability to narrowly focus their searches on the information they seek.

---

[1] In plaintiffs' motion, they claim that they have been unable to open the information which defendants have produced on disks since June 3, 2008. Plaintiffs have never mentioned this problem to defendants, nor have they identified any unreadable data. Moreover, to the extent plaintiffs are referring are referring to documents produced in electronic form, this claim is not credible given that in the deposition of James Dollive held on June 23, 2008, four of plaintiffs' exhibits were documents which had been produced to plaintiffs on disk in response to their third request for documents. *See* June 12 and June 23 letters from

3

10. While defendants continue to believe that the information sought in plaintiffs' latest requests is irrelevant, they have made every effort to comply with the request in order to avoid taking up the Court's time with a discovery dispute.

11. Given what has actually transpired, it is absurd for plaintiffs to complain that they need more time to finish discovery. They have known for at least a year that defendants were not providing them with documents prior to 2000. Moreover, since March 2008 they have pledged to provide plaintiffs with narrowly tailored categories of pre-2000 documents that they want. They did not provide these categories until June 10, 2008, and the categories they did provide were not narrowly-tailored. Plaintiffs cannot complain about the volume of material they are now receiving – it is just what they ordered. They also cannot legitimately complain that the documents are coming at an inconvenient time for them – the timing was a product of their own delay.[2] The Court should not reward this poor planning by giving plaintiffs an extension. That they waited until the eleventh hour is squarely a situation of their own doing.

12. Moreover, to grant the extension plaintiffs seek and thus further postpone the depositions would be unjustified. The documents which are now being produced are at best tangentially relevant to the issues in this. In fact, any documents produced for the period subsequent to the filing of the complaint are only, at best, relevant for damage determinations and thus have no applicability at this stage of litigation. Moreover, many of the individuals whose depositions plaintiffs are trying to postpone were not even employed by Kraft in any

---

Sam Schwartz attached hereto at Exhibit 8 and Plaintiffs' Exhibits 6, 7, 8, and 12 from the deposition of James Dollive at Exhibit 9.

[2] Defendants were under no obligation to produce anything in response to the June 3 document requests until July 3. See Fed. R. Civ. P. 34. Nevertheless, defendants have been producing documents as fast as they reasonably can because defendants want to comply with the Court's scheduling order.

4

relevant position prior to 2000; delaying their depositions to question them about documents from the 1990s or post-complaint documents is illogical.

13. The Court should also deny plaintiffs request for leave to take 15 depositions. Plaintiffs have already scheduled thirteen depositions, of which they have thus far taken two (not to mention the depositions they took during "venue discovery"). Defendants queried plaintiffs on June 19, 2008 to see if they actually planned to take all thirteen depositions and if they intended to schedule any additional ones. *See* Email from Ian Morrison attached hereto at Exhibit 10. Plaintiffs never responded to this query, yet they now ask the Court to allow them to potentially take 15 depositions on the off chance that they decide to take more depositions. Defendants are fine with plaintiffs taking the thirteen depositions they had previously identified; however, defendants are concerned by the open-ended nature of plaintiffs' request to take 15 depositions as in making this request they do not state which additional depositions they plan to take nor do they explain why these additional depositions are necessary.

14. Under these circumstances, plaintiffs request must be denied. A court will only grant a party permission to take over ten depositions when the court determines that this form of discovery is not "unreasonably cumulative or duplicative, or [] obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed R. Civ. P. 26(b)(2); *Lopez v. Kevin Pastrick*, 2007 U.S. Dist. Lexis 59093 (N.D. Ind. 2007) attached hereto at Exhibit 11, Tab A; *Boyer v. Gildea*, 2005 U.S. Dist. LEXIS 10726 (N.D. Ind. 2005) attached hereto at Exhibit 11, Tab B. As plaintiffs have failed to name additional deponents or the subjects to be covered in these additional depositions, they have given the Court none of the information it needs in order to determine if additional depositions are appropriate. For this reason, the Court should deny plaintiffs request for leave to take up to 15 depositions.

WHEREFORE, Defendants respectfully request that the Court deny plaintiffs' motion to amend scheduling order and for leave to take more than thirteen depositions.

**DATED: June 27, 2008**              Respectfully submitted,

KRAFT FOODS GLOBAL, INC., et al


By___/s/ Sam Schwartz_____
        One of Their Attorneys

Ronald J. Kramer (rkramer@seyfarth.com)
Ian H. Morrison (imorrison@seyfarth.com)
Sam Schwartz (sschwartz@seyfarth.com)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000 (telephone)
(312) 460-7000 (facsimile)

## CERTIFICATE OF SERVICE

I, Ronald J. Kramer, an attorney, do hereby certify that on June 27, 2008, I electronically filed *DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER AND HAVE LEAVE TO TAKE MORE THAN TEN DEPOSITIONS* with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

>
> Jerome J. Schlichter, Esq.
> Nelson G. Wolff, Esq.
> Troy A. Doles, Esq.
> Schlichter, Bogard & Denton
> 100 South Fourth Street
> Suite 900
> St. Louis, MO 63102

/s/ Sam Schwartz