IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD GEORGE *et al.*, | ) |
| | ) |
| Plaintiffs, | ) No. 07-1713 |
| | ) Magistrate Judge Sidney I. Schenkier |
| vs. | ) |
| | ) |
| KRAFT FOODS GLOBAL, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiffs, individually and as representatives of a class, filed this action on behalf of the Kraft Foods Global Inc. Thrift Plan, Plan No. 125 (the "Plan"), alleging that defendants breached their fiduciary duties in operating and administering the Plan in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Plaintiffs sought to recover alleged losses suffered by the Plan and to obtain injunctive and other equitable relief based upon the alleged breaches (Compl. ¶ 10). After a class was certified, *George v. Kraft Foods Global, Inc.*, 251 F.R.D. 338, 353 (N.D. Ill. 2008), and discovery was completed, this Court granted defendants summary judgment on all claims in the case. *George v. Kraft Foods Global, Inc.*, 07 C 1713, 2010 WL 331695 (N.D. Ill. Jan. 27, 2010).

Having prevailed, defendants now have filed a bill of costs (doc. # 265). Defendants argue that pursuant to Fed.R.Civ.P. 54(d)(1) and 28 U.S.C. § 1920, they are entitled to recover $211,785.25

---

[1] On May 30, 2007, by consent of all parties and pursuant to 28 U.S.C. § 636(c), the case was reassigned to this Court for all proceedings, including entry of final judgment (doc. ## 57, 68).

in costs attributable to court reporter charges and costs of duplication (Defs.' Bill of Costs, Ex. A). Plaintiffs attack the reasonableness of these costs, but at the threshold raise an issue that challenges defendants' entitlement to any costs whatsoever: whether recovery of costs in this case is governed by ERISA, 29 U.S.C. § 1132(g)(1), rather than by Rule 54(d)(1). For the reasons that follow, we conclude that defendants' request for costs must be addressed under Section 1132(g)(1). We further conclude that applying the discretion afforded by Section 1132(g)(1), plaintiffs should not be compelled to pay defendants' costs.

## I.

Rule 54(d)(1) states that "[u]nless a federal statute ... provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." This rule creates a "presumption [favoring the award of costs that] is difficult to overcome." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). A court's discretion to deny costs under Rule 54(d)(1) is "narrowly confined," and generally is triggered only by misconduct of the prevailing party or the losing party's inability to pay. *Id.*

By contrast, Section 1132(g)(1) states that in an ERISA action brought "by a participant, beneficiary or fiduciary, the court in its discretion *may* allow a reasonable attorney's fee *and costs* of action to either party" (emphasis added). Whereas Rule 54(d)(1) gives a prevailing party a virtual entitlement to costs, which a trial judge may deny only in extremely limited circumstances, Section 1132(g)(1) makes the award of costs highly discretionary – so much so that the denial of attorneys' fees or costs to prevailing defendants in ERISA cases "would rarely constitute an abuse of discretion." *Nichol v. Pullman Standard, Inc.*, 889 F.2d 115, 121 (7th Cir. 1989) (quoting *Marquardt v. North American Car Corp.*, 652 F.2d 715, 717 (7th Cir. 1981)).

It is evident that Section 1132(g)(1) creates a different standard than Rule 54(d)(1) for deciding whether to award costs. It is equally evident that Section 1132(g)(1) supplants Rule 54(d)(1) as the standard governing whether to award costs to a prevailing party in ERISA lawsuits. Rule 54(d)(1) governs the award of costs except when costs are provided for in another federal statute, and the Seventh Circuit has squarely held that Section 1132(g)(1) is just "such an express provision." *Nichol*, 889 F.2d at 121. More recently, in *Brieger v. Tellabs, Inc.*, 652 F. Supp.2d 925, 926 (N.D. Ill. 2009), Judge Kennelly concluded – after a thorough analysis of *Nichol* and other relevant case law – that defendants' contention in that case that Section 1132(g)(1) does not govern the award of costs in ERISA litigation "is contrary to the plain language of both Section 1132(g)(1) and Rule 54(d)(1)."

We find Judge Kennelly's analysis persuasive and faithful to *Nichol*, and we follow it here. In so doing, we have considered, but must reject, defendant's arguments that Rule 54(d)(1) should govern our consideration of their petition for costs (Defs.' Reply at 2-3).

*First*, defendants argue that the Seventh Circuit has adopted a "bifurcated approach" to Section 1132(g)(1), applying it when a prevailing party seeks attorneys' fees and costs but not when the prevailing party seeks only an award of costs in ERISA litigation (Defs.' Reply at 2). That argument was made, and rejected by the court, in *Brieger*, 652 F. Supp.2d at 927 – and we reject it here as well. Defendants cite no Seventh Circuit case endorsing a "bifurcated approach." Nor do we find anything in the Seventh Circuit's analysis in *Nichol* suggesting that in an ERISA suit, a petition for costs and attorneys' fees is governed by Section 1132(g)(1), but a petition for costs alone is governed by Rule 54(d)(1). Section 1132(g)(1) is no less an "express provision" governing costs,

3

which trumps Rule 54(d)(1), when it is used as a basis to seek attorneys' fees and costs than when it is used to support a stand-alone request for costs.

*Second*, defendants argue that *Nichol* is no longer applicable because the language of Rule 54(d)(1) has since been amended (Defs.' Reply at 2 n.1). Defendants do not explain how any change in the language of Rule 54(d)(1) would implicate the continuing vitality of *Nichol*. In any event, defendants' argument is untenable in the face of the commentary to the amendments to Rule 54(d)(1), which explain that the language changes were not substantive but were "intended to be stylistic only." Fed. R. Civ. P. 54, Advisory Committee's Notes to 2007 Amendments. We therefore agree with Judge Kennelly that the change in the language of 54(d) is irrelevant. *Brieger*, 652 F. Supp.2d at 927.

*Third*, defendants suggest that *Nichol* no longer is good law because two subsequent Seventh Circuit decisions – *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009), and *Quinn v. Blue Cross and Blue Shield Ass'n*, 161 F.3d 472 (7th Cir. 1998) – "have affirmed cost awards under Rule 54 in ERISA cases" (Defs.' Reply at 2-3 n.1). Defendants' citation to *Quinn* is a nonstarter: while the trial judge in *Quinn* awarded costs under Rule 54(d)(1), 161 F.3d at 475, the Seventh Circuit reviewed that decision pursuant to Section 1132(g)(1). *Id.* at 478-79.

As for *Hecker*, defendants correctly note that the trial judge awarded costs in that case under Rule 54(d)(1), and the Seventh Circuit affirmed that award of costs without referring to Section 1132(g)(1) – or, for that matter, Rule 54(d)(1). *Hecker* 556 F.3d at 591. The fact that the Seventh Circuit in *Hecker* did not discuss Section 1132(g)(1) or *Nichol* no doubt is the result of the failure of the parties to raise on appeal the issue of whether Section 1132(g)(1), rather than Rule 54(d)(1), should govern. *See Brieger*, 652 F. Supp.2d at 927 and n.3. As Judge Kennelly

4

observed, nothing in *Hecker* "overturns" the holding in *Nichol* or even addresses the implications of Section 1132(g). *Id.* at 927. We likewise will not presume that *Hecker* represents a stealth overruling of *Nichol*. And, even if we considered *Hecker* to be at odds with *Nichol* (which we do not), that would not give us license to disregard the clear precedent established in *Nichol*. "[P]recedents of a higher court that have 'direct application in a case' remain binding, even where subsequent rulings by the higher court could be read to be inconsistent with some of the reasoning in the case that has direct application." *Brieger*, 652 F. Supp.2d at 927 (quoting *Heidelberg v Ill. Prisoner Review Bd.*, 163 F.3d 1025, 1026 n.1 (7th Cir. 1998)).

We therefore hold that defendants' petition for costs must be reviewed under Section 1132(g)(1). We now turn to a discussion of the principles under Section 1132(g)(1) that govern our consideration of defendants' petition for costs, and why we conclude that, when applying those principles, defendants are not entitled to costs.

## II.

The Seventh Circuit has articulated two standards for considering a petition for costs under Section 1132(g)(1). One standard employs a five-factor test, *Nichol*, 889 F.2d at 121 and n.9, which considers "concepts such as culpability, equity, and the merits [of] the parties' positions." *Brieger*, 652 F. Supp.2d at 928. The Seventh Circuit has explained that this standard "is oriented toward the case where the plaintiff rather than the defendant prevails and seeks an award of attorneys' fees." *Nichol*, 889 F.2d at 121 (quoting *Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820, 829 (7th Cir. 1984)). In cases where the defendant is the prevailing party, the Seventh Circuit has articulated a different standard that considers whether "the losers' position, while rejected by the Court, had a

solid basis – more than merely not frivolous, but less than meritorious." *Bittner*, 728 F.3d at 830; *see also Nichol*, 889 F.2d at 121; *Brieger*, 652 F. Supp.2d at 928.

Despite there different formulations, each test is directed to the same goal: "to award costs and fees to the prevailing party where there is reason to believe that the losing party engaged in litigation merely to harass its opponent." *Nichol*, 889 F.2d at 122. As a result, the tests can be used "interchangeably," *Brieger*, 624 F. Supp.2d at 928, since it is "difficult to imagine a situation in which the application of one test rather than the other would alter our decision concerning the propriety of an award of costs or fees." *Nichol*, 889 F.2d at 121. Since we are dealing with a request for costs by prevailing defendants, we will apply here the *Bittner* "solid basis" formulation that is geared to that situation. Applying that standard, we conclude that defendants are not entitled to recover costs.

Defendants do not argue – and could not reasonably argue – that plaintiffs' lawsuit was frivolous. Plaintiffs filed this lawsuit in 2007. Defendants did not seek to dismiss the suit on the ground that it failed to state a claim for relief or suffered from any other legal deficiency. Plaintiffs successfully prosecuted a motion for a class certification. Although plaintiffs' claims ultimately failed, they did so only after extensive discovery, equally extensive summary judgment briefing and a 42-page Memorandum Opinion and Order.

Defendants argue that their complete summary judgment victory is a significant factor in deciding whether plaintiffs had a solid basis for their lawsuit (Defs.' Reply at 4). We agree that survival of a motion for summary judgment is particularly strong evidence that a lawsuit had a solid

basis. *See, e.g., Nichol*, 889 F.2d at 121; *Brieger*, 652 F. Supp.2d at 928. However, we do not accept defendants' premise that any case that fails to survive summary judgment must invariably have lacked a solid basis. Were that the case, costs always would be awarded to a party that prevailed on summary judgment. We do not think the broad discretionary judgment about whether to award costs to prevailing defendants can be properly exercised by reference to such a bright line standard. Here, the Court's review of the summary judgment papers and the analysis it employed in granting defendants' summary judgment leads us to conclude that the case as a whole, while ultimately not meritorious, had a solid enough basis that an award of costs would be unwarranted.

We find further support for this conclusion when we consider the overarching goal to be achieved by application of the "solid basis" test: to make sure that a prevailing party is able to recover costs where there is reason to believe that the losing party engaged in litigation merely to harass its opponent. *Nichol*, 889 F.2d at 122. Defendants do not argue that plaintiffs engaged in this litigation as a strike suit or as a means of mere harassment. Indeed, as demonstrated by the amount of costs that defendants seek here (nearly $212,000.00), this lawsuit was likely an expensive proposition for both sides. Both sides engaged in extensive document discovery; both sides engaged in extensive deposition practice; and both sides retained multiple paid experts. We find it unlikely that plaintiffs would have shouldered the substantial economic burden that this lawsuit no doubt imposed "merely to harass" defendants.

## CONCLUSION

For the foregoing reasons, the Court denies defendants' bill of costs (doc. # 265). Because we deny costs on the ground that defendants are not entitled to recover any costs pursuant to Section 1132(g)(1), we express no view as the reasonableness of the specific items of costs that defendants have sought.

ENTER:

/s/ Sidney I. Schenkier

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: May 14, 2010**