## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GERALD GEORGE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case Nos. 1:08-cv-3799; 1:07-cv-1713 |
| | ) | |
| v. | ) | Magistrate Judge Nolan |
| | ) | |
| KRAFT FOODS GLOBAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

**NOLAN, Magistrate Judge:**

This litigation involves claims for alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq., with respect to the 401(k) plan sponsored by Kraft Foods Global, Inc., the Kraft Foods Global, Inc. Thrift Plan ("the Plan"). Plaintiffs allege that Defendants violated their ERISA fiduciary duties by, *inter alia*, allowing excessive fees, holding excessive cash within the Plan's company stock funds, and offering imprudent funds as investment options. Defendants have denied and continue to deny the claims and contentions of the Class Representatives, deny that they are liable at all to the Class, and deny that the Settlement Class or the Plan have suffered any harm or damage for which Defendants could be held responsible.

After more than five years of litigation, to avoid the additional uncertainties and costs associated with continued litigation, the parties have reached a mutual resolution to this case. The parties now seek preliminary approval of a settlement of these claims against all Defendants (the "Settlement"). The terms of the Settlement are set out in a Class Action Settlement Agreement dated February 23 2012 (the "Settlement Agreement") (ECF No. 327-1).

As part of the Settlement, the parties have executed a Limited Consent to magistrate

judge jurisdiction over both of these actions solely for purposes of actions outlined in this Order. If the Settlement Agreement that forms the basis for this Order and the Limited Consent terminates, then this Court's jurisdiction over these actions terminates as well, and Case No. 07-cv-1713 will return to the jurisdiction of Magistrate Judge Sidney Schenkier and Case No, 08-cv-3799 will return to the jurisdiction of Judge Ruben Castillo.

The Court has considered the proposed settlement and whether to certify a class for settlement purposes and authorize notice to members of the Settlement Class. Having reviewed the Settlement Agreement, the motion papers, and conducted a hearing in open Court on Wednesday, February 29, 2012, it is **ORDERED** as follows.

1. **Class Findings:** Solely for the purposes of the Settlement, the Court finds that:

A. All findings in this Section 1 are based on the submissions to the Court, including the Settlement Agreement. These findings are not based upon any admissions, representations, assertions, or arguments by the Defendants that a class could, should, or would be certified in the Action, and these findings are made while preserving the Defendants' rights to argue, in the event that the settlement does not become final or is terminated pursuant to terms of the Settlement Agreement, that no class or that a different class or subclasses could or should be certified in the Action.

B. The Court finds that, as required by Rule 23(a)(1), the members of the Settlement Class are ascertainable from records kept with respect to the Plan and from other objective criteria, and that the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

C. The Court finds that, as required by Rule 23(a)(2), there are one or more questions of fact and/or law common to the Settlement Class.

2

D.       The Court finds that, as required by Rule 23(a)(3), the claims of the Class Representatives are typical of the claims of the Settlement Class.

E.       The Court finds, as required by Rule 23(a)(4), that the Class Representatives will fairly and adequately protect the interests of the Settlement Class in that:

i.       The interests of Class Representatives and the nature of their alleged claims are consistent with those of the members of the Settlement Class;

ii.       There appear to be no conflicts between or among the Class Representatives and the Settlement Class; and

iii.       The Class Representatives and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex ERISA class actions.

F.       The Court finds that, as required by Rule 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications as to individual members of the Settlement Class, would establish incompatible standards of conduct for Defendants, and that adjudication as to individual class members would, as a practical matter, be dispositive of the interest of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

G.       The Court finds that, as required by Rule 23(g), the law firm Schlichter, Bogard & Denton, LLP, is capable of fairly and adequately representing the interests of the Settlement Class as Class Counsel.

2.       **Class Certification**:  The Court certifies the following class for settlement purposes under Fed. R. Civ. P. 23(b)(1) in this litigation (the "Settlement Class"):

3

All persons who participated in the Plan at any time between October 16, 2000 and February 23, 2012, including the surviving spouse or designated beneficiary of a deceased person who participated in the Plan at any time between October 16, 2000 and February 23, 2012, and/or, alternate payees, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time between October 16, 2000 and February 23, 2012. Excluded from the Settlement Class are any persons who served as members of the Corporate Employees Plans Investment Committee of the Altria Group, Inc. Board of Directors, the Compensation and Governance Committee of the Board of Directors of Kraft Foods Inc., and the Benefit Investments Committee of Kraft Foods Global, Inc.

For settlement purposes only, the Court modifies the class currently certified in *George v. Kraft Foods Global, Inc.*, 07-CV-01713 to be consistent with this Order.

3.     **Appointment of Class Representatives and Class Counsel**: The Court appoints the Class Representatives to represent the Settlement Class, and Schlichter, Bogard & Denton, LLP, as Class Counsel pursuant to Fed. R. Civ. P. 23(e) and (g).

4.     **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that:

A.     The proposed settlement resulted from extensive arm's-length negotiations;

B.     The Settlement Agreement was executed only after Class Counsel had conducted extensive pre-settlement motion practice and discovery, and after negotiations had continued for several months, including three in-person mediation sessions and three teleconference mediation sessions with the Court, in-person and telephonic conferences with a private mediator and extensive telephonic and email communications with and without a skilled mediator;

C.     Class Counsel has concluded that the Settlement Agreement is fair, reasonable and adequate; and

D.     The Settlement is sufficiently fair, reasonable, and adequate to warrant

4

sending notice of the Settlement to the Settlement Class.

5.      **Fairness Hearing**:  A hearing is scheduled at the United States District Court for the Northern District of Illinois, Judge Nan R. Nolan presiding, at 10 A.m. on JUNE 26, 2012, (the "Fairness Hearing") to determine, among other issues:

A.      Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

B.      Whether the notice methodology was appropriate and notice was given as directed by this Court;

C.      Whether the motion for Attorneys' Fees and Costs to be filed by Class Counsel should be approved;

D.      Whether the motion for compensation to Class Representatives should be approved; and

E.      Whether the Administrative Expenses specified in the Settlement Agreement and requested by the parties should be approved for payment from the Settlement Fund.

6.      **Establishment of Qualified Settlement Fund**:  Pursuant to the Settlement Agreement, a fund is hereby established and shall be known as the *George v. Kraft Global Foods Inc.* Litigation Settlement Fund (the "Settlement Fund").  The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code.  The Settlement Fund shall consist of $9,500,000.00 and any interest earned thereon.  The Settlement Fund shall be administered as follows:

A.      The Settlement Fund is established exclusively for the purposes of:  (a)

making distributions to eligible claimants pursuant to the claims process described in the Settlement Agreement; (b) making distributions to Class Representatives and Settlement Class Members as specified in the Settlement Agreement; (c) making payments for all Administrative Expenses, as specified in the Settlement Agreement, including, but not limited to, settlement administration costs and notice costs; (d) making payments of all Attorneys' Fees and Costs to Class Counsel as awarded by the Court in this action; and (e) paying all applicable taxes in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Settlement Effective Date.

B. Within the time period set forth in the Settlement Agreement, Defendants shall cause $9,500,000 to be deposited into the Settlement Fund.

C. The Settlement Fund shall be a single qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1 *et seq.* Defendants shall timely furnish a statement to the Settlement Administrator that complies with Treasury Regulation § 1.468B-3(e)(2) (a "§ 1.468B-3 Statement"), which may be a combined statement under Treasury Regulation § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants make a transfer to the Settlement Fund.

D. Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified in the Settlement Agreement. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Settlement Amount to be paid into the Settlement Fund no later than the date specified in the

Settlement Agreement; and (2) their agreement to cooperate in providing information that is necessary for settlement administration set forth in the Settlement Agreement.

      E.     The oversight of the Settlement Fund is the responsibility of the Settlement Administrator. The status and powers of the Settlement Administrator are as defined by this Order and set forth in the Settlement Agreement.

      F.     The Gross Settlement Amount caused to be paid by Defendants into the Settlement Fund pursuant to the Settlement Agreement, and all income generated by that Amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its term and Defendants have divested themselves of all right, title or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the Parties shall be restored to their respective positions in this Case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this Case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon shall immediately be returned to the entity that funded the Settlement Fund.

      G.     The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

      H.     The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with Article 6 of the Settlement

Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

I.      The Settlement Fund shall be used to make payments to Settlement Class Members under the Plan of Allocation set forth in Article 6 of the Settlement Agreement insofar as that Plan of Allocation is approved by the Court.  Individual payments to Settlement Class Members will be subject to tax withholding as required by law and as described in the Class Notice and its attachments and it shall be the responsibility of the Settlement Administrator to perform all required tax withholding and tax reporting.  In addition, all Class Representatives' Compensation, Administrative Expenses and all Attorneys' Fees and Costs of Class Counsel shall be paid from the Settlement Fund.

J.      The Court and the Settlement Administrator recognize that there may be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Fund.  The Settlement Administrator shall, pursuant to the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund.  The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund.  Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

8

K.     The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to ensure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions.

L.     The Settlement Administrator and Defendants shall provide to and exchange with each other such information as shall be reasonably necessary to file notices, reports and returns and to make timely determinations of withholding obligations.

M.     The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions.  Such powers include receiving and processing information from Former Participants pertaining to their claims and investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

N.     The Settlement Administrator shall invest the Settlement Fund in the types of instruments identified in the Settlement Agreement. The Defendant shall have no liability to any person as a result of investment returns or losses incurred by the Settlement Fund.

N.     The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the

award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

        O.      The Settlement Administrator shall establish protective conditions concerning the disclosure of information maintained by the Settlement Administrator if publication or distribution of such information would violate any law, including rights to privacy. Any person entitled to such information who is denied access to the Settlement Fund's records may submit a request to the Court for such information. However, the Settlement Administrator shall supply such information to any claimant as may be reasonably necessary to allow him or her to accurately determine his or her federal, state and local tax liabilities. Such information shall be supplied in the form and manner prescribed by relevant law.

        7.      **Class Notice**: The Settling Parties have presented to the Court proposed forms of Class Notice, which are appended hereto as Exhibits 1 and Exhibit 2, respectively.

        A.      The Court finds that the proposed forms and the website referenced in the Class Notice fairly and adequately:

            i.      Describe the terms and effect of the Settlement Agreement and of the Settlement;

            ii.      Notify the Settlement Class concerning the proposed Plan of Allocation;

            iii.      Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for the Class Representatives, Attorneys' Fees and

Costs;

    iv.  Notify the Settlement Class that Administrative Expenses related to the implementation of the Settlement Agreement will be paid from the Settlement Fund;

    v.  Give notice to the Settlement Class of the time and place of the Fairness Hearing; and

    vi.  Describe how the recipients of the Class Notice may object to any of the relief requested.

    B.  The Settling Parties have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances, and directs that the Settlement Administrator shall by no later than 90 days before the Fairness Hearing, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be mailed, by first-class mail, postage prepaid, to the last known address of the Settlement Class Members who can be identified through commercially reasonable means. Defendants shall cooperate with the Settlement Administrator by providing, in electronic format, the names, addresses and social security numbers of the Settlement Class Members. The names, addresses, and Social Security numbers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

    C.  For any Class Notice returned as undeliverable, the Settlement Administrator shall utilize the national change of address database and the provided Social Security number to attempt to determine the current address of the Settlement Class Member and shall mail notice to that address.

D.      At or before the Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the Court a proof of timely compliance with the foregoing requirements.

E.      The Court directs Class Counsel, no later than 60 days before the Fairness Hearing, to cause the Class Notice to be published on the website identified in the Class Notice.

8.      **Objections to Settlement**:    Any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for compensation for the Class Representatives (an "Objection") must file a written statement of his or her objection in the manner set out in this Order.

A.      A Settlement Class Member wishing to raise an Objection must do the following: (A) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (B) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel.    The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

Clerk of the Court
United States District Courthouse
219 South Dearborn Street
Chicago, IL 60604

SCHLICHTER, BOGARD & DENTON, LLP
Attn:  Kraft Foods Global Inc. ERISA Settlement
100 S. 4th Street, Ste. 900
St. Louis, MO 63102

SEYFARTH SHAW LLP
Attn: Amanda A. Sonneborn
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603

B.      The objector or his, her, or its counsel (if any) must serve of copies of the objection(s) on the attorneys listed above and file the objection(s) with the Court by no later than thirty (30) days before the date of the Fairness Hearing.

C.      If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it with the Court by no later than thirty (30) days before the date of the Fairness Hearing.

D.      Failure to serve objections(s) on either the Court or counsel for the parties shall constitute a waiver of the Objection(s). Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any Objection to the Settlement, and any untimely Objection shall be overruled.

E.      Any party wishing to file a response to an Objection must do so, and serve the response on all parties, no later than ten (10) days before the Fairness Hearing.

9.      **Appearance at Fairness Hearing**: Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out in Paragraph 8 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the

objector's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court by no later than ten (10) days before the date of the Fairness Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

10. **Claim Form Deadline**: All valid claim forms from Former Participants (as defined in the Settlement Agreement) must be received by the Settlement Administrator by 5 p.m p.m. Central Standard Time on MAY 27, 2012.

11. **Service of Papers**: Defense Counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

12. **Termination of Settlement**: This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date, if the Settlement is terminated in accordance with the Settlement Agreement.

13. **Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit, or that the relief requested in the Action is inappropriate, improper or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification in the event that the Settlement Agreement is terminated.

14

14. **Continuance of Hearing**: The Court will not continue the Fairness Hearing without a showing of good cause.

**IT IS SO ORDERED.**

DATED: Feb 29, 2012

Nan R. Nolan

s/_____
Nan R. Nolan
United States Magistrate District Judge


February 23, 2012                    KRAFT FOODS GLOBAL, INC., et al.

                                     /s/ Ian H. Morrison
                                     One of Their Attorneys

                                     Ronald J. Kramer (rkramer@seyfarth.com)
                                     Ian H. Morrison (imorrison@seyfarth.com)
                                     Amanda A. Sonneborn (asonneborn@seyfarth.com)
                                     Sam Schwartz-Fenwick (sschwartz-
                                     fenwick@seyfarth.com)
                                     SEYFARTH SHAW LLP
                                     131 South Dearborn Street, Suite 2400
                                     Chicago, IL 60603
                                     Telephone: (312) 460-5000


                                     SCHLICHTER, BOGARD & DENTON


                                     Jerome J. Schlichter (0545143)
                                     Troy Doles (admitted pro hac vice)
                                     Mark G. Boyko (admitted pro hac vice)
                                     100 South Fourth Street, Suite 900
                                     St. Louis, MO 63102
                                     Telephone.: (314) 621-6115
                                     Facsimile: (314) 621-7151

                                     Attorneys for Plaintiffs and Class Representatives

                                     And

                                     Meites, Mulder, & Glink

15

Thomas R. Meites
321 S. Plymouth Court, Suite 1250
Chicago, IL 60604
(312) 263-0272;
Fax: (312) 263-2942
tmeites@mmmglaw.com

*Local Counsel for Plaintiffs*


Attorneys for Plaintiffs and Class Representatives


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed on _____, 2012 with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.


/s/ _____