IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD GEORGE, et al., | ) |
| Plaintiffs, | ) Case Nos. 1:08-cv-3799; 1:07-cv-1713 |
| v. | ) Magistrate Judge Nolan |
| KRAFT FOODS GLOBAL, INC., et al., | ) |
| Defendants. | ) |

**ORDER REGARDING PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

THIS MATTER is before the Court in connection with Plaintiffs' Application for Attorneys' Fees and Reimbursement of Expenses and for Case Contribution Awards for Named Plaintiffs (Doc. 339).[1] In their Application, Class Counsel, the law firm of Schlichter, Bogard & Denton, requests a reasonable fee for their role in obtaining a settlement of class claims under the Employee Retirement Income Security Act ("ERISA"). The settlement provides a $9.5 million monetary recovery for the benefit of as many as 81,000 current and former participants in the Kraft 401(k) Plan, as well as significant affirmative relief: state-of-the-art fee and expense disclosures to participants; less costly, market-priced recordkeeping services; and other steps to control investment expenses.

Class Counsel has asked this Court to approve a fee award of 33.33% of the monetary settlement obtained or $3,166,166. Class Counsel has also asked this Court to award it $1,496,371.33 for outstanding expenses. Additionally, Class Counsel has requested this Court approve $15,000 incentive awards to each of the four Named Plaintiffs.

Pursuant to the Settlement Agreement and the Court's Order, Class Counsel mailed

---

[1] For ease of reading, citations are to the Court's record in Case No. 07-cv-1713 unless otherwise indicated.

1

individual notices to the Class and created a Class website to provide information to the Class. Although individual notices were mailed to 81,793 Class Members, only two have objected to Class Counsel's request for fees and costs, one of whom withdrew his objection after reviewing the affirmative relief obtained for the benefit of the Class. Therefore, this Court finds the lack of any meaningful number of objections to be a sign of the Class's support for the Class Counsel's Application.

Based upon this Court's observation of Class Counsel's representation of the Class, its recognition of Plaintiffs' challenging legal issues, and its review of Class Counsel's Application, Class Counsel's Application is GRANTED. This Order explains this Court's conclusion that Class Counsel's fee and cost request is reasonable and merited.

## I. FINDINGS AND CONCLUSIONS

### A. Class Counsel's Request for Attorneys' Fees

Under the "common-fund" doctrine, a class counsel is entitled to a reasonable fee drawn from the commonly held fund created by a settlement for the benefit of the class. *See, e.g., Boeing Co. v. VanGemert*, 444 U.S. 472, 478 (1980). Additionally, the United States Court of Appeals for the Seventh Circuit has found that attorneys' fees based on the common fund doctrine are appropriate in ERISA cases. *See Florin v. Nationsbank*, 34 F.3d 560, 563 (7th Cir. 1994). A court must also consider the substantial affirmative relief when evaluating the overall benefit to the class. *See* Manual for Complex Litigation, Fourth, § 21.71, at 337 (2004); Principles of the Law of Aggregate Litigation, § 3.13; *cf. Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989) (cautioning against an "undesirable emphasis" on monetary "damages" that might "shortchange efforts to seek effective injunctive or declaratory relief"). Therefore, this Court acknowledges the importance of taking the affirmative relief into account, in addition to

the monetary relief, so as to encourage attorneys to obtain effective affirmative relief. Although the affirmative relief's true value is difficult to ascertain, the affirmative relief will add additional material value to the Kraft 401(k) Plan.

In determining whether to grant a fee application in a class action settlement, the Seventh Circuit Court of Appeals requires the Court to determine whether a requested fee is within the range of fees that would have been agreed to at the outset of the litigation in an arm's length negotiation given the risk of nonpayment and the normal rate of compensation in the market at the time. *See In re Synthroid Marketing Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). In common fund cases, "the measure of what is reasonable [as an attorney fee] is what an attorney would receive from a paying client in a similar case." *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 408 (7th Cir. 2000). "It is not the function of the judge in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he were selling his services in the market rather than being paid by the court." *Matter of Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 568 (7th Cir. 1992). This requires the district judge to "ascertain the appropriate rate for cases of similar difficulty and risk, and of similarly limited potential recovery." *Kirchoff v. Flynn*, 786 F.2d 320, 326 (7th Cir. 1986).

When determining a reasonable fee, the Seventh Circuit Court of Appeals uses the percentage basis rather than a lodestar or other basis. *Gaskill v. Gordon*, 160 F.3d 361, 363 (7th Cir. 1998); *Florin*, 34 F.3d at 566. "[T]he normal rate of compensation in the market [is] 33.33% of the common fund recovered" because the class action market commands contingency fee agreements and the class counsel accepts a substantial risk of nonpayment. *In re Ready-Mixed Concrete Antitrust Litig.*, No. 1:05:CV-00979 (S.D. Ind.), Doc. 732, at 14. A one-third fee is consistent both with the market rate for settlements of this size and in settlements concerning

3

this particularly complex area of law. *Schulte v. Fifth Third Bank*, 805 F.Supp.2d 560 (N.D.Ill. 2011) (approving one-third fee for class counsel's work in obtaining $9.5 million settlement); *Will v. General Dynamics Corp.*, 2010 WL 481817, *3 (S.D.Ill. Nov. 22, 2010) (finding that in ERISA 401(k) fee litigation, "a one-third fee is consistent with the market rate"). It is clear to the Court that the firm of Schlichter, Bogard & Denton is preeminent in the field of protecting the interests of employees and retirees in 401(k) plans and is the only firm which has invested such massive resources in this area. No one had brought such cases for excessive fes in 401(k) plans before them and such cases involve enormous risk and commitment of vast resources. In this case, certainly, a higher rate could be justified based on the extraordinary risk counsel accepted in agreeing to represent the Class and Class Counsel's demonstrated willingness to pursue both actions through summary judgment and appeal.

Additionally, litigating this case required Class Counsel to be of the highest caliber. Jerome Schlichter and Schlichter, Bogard & Denton's work throughout this litigation illustrates an exceptional example of a private attorney general risking breathtaking amounts of time and money while overcoming many obstacles for the benefit of employees and retirees. At the time the Plaintiffs retained Class Counsel, no other firm was willing to accept such a daunting challenge on this case at *any* rate, and virtually no cases had even been filed against large 401(k) plan sponsors involving claims of excessive fees and prohibited transactions under ERISA. Class Counsel performed substantial work for over a year before filing suit, including investing hundreds of hours of attorney time, intensely investigating, speaking with Plan Participants, obtaining documents from public sources and the Plan administrator, reviewing and analyzing Plan documents and financial statements, developing expertise regarding industry practices, conducting extensive legal research and fashioning the Class's causes of action.

After filing this case on October 16, 2006, Class Counsel has been committed to the interests of the participants and beneficiaries of the Kraft 401(k) Plan. Class Counsel has devoted substantial costs and attorney time to pursuing this case and several other 401(k) fee cases of first impression. Class Counsel's actions have led to dramatic changes in the 401(k) industry which have benefited employees and retirees throughout the country by bringing sweeping changes to fiduciary practices. In the case of this Class, the tireless efforts of Schlichter, Bogard & Denton have brought about a significant monetary recovery and important reforms to the Kraft 401(k) Plan. Current and future Plan Participants will benefit from the affirmative relief for years to come.

Accordingly, this Court finds a contingency fee market for the complex plaintiffs' attorney work in this case and similar cases. Based on the impressive monetary recovery and affirmative relief, including discontinuing retail mutual funds as investment options, continuing limitations on cash holdings of the Kraft and Altria Company Stock Funds, removing the Balanced Fund, enhancing fee disclosures, prohibiting recordkeeping fees from being set as a percentage of plan assets, requiring Kraft to retain a less expensive recordkeeper based on a competitive bidding process, and establishing a binding dispute resolution procedure to resolve potential violations of the Settlement Agreement, Class Counsel's fee application is undoubtedly reasonable. This Court finds that Schlichter, Bogard & Denton has provided an enormous benefit to the Kraft employees and retirees Class, while undertaking a great financial risk in the event of an adverse decision on the merits.

The use of a lodestar cross-check has fallen into disfavor. *See In re Synthroid Marketing Litig.*, 325 F.3d at 979–80 (7th Cir. 2003) ("The client cares about the outcome alone" and class counsel's efficiency should not be used "to reduce class counsel's percentage of the fund that

5

their work produced."); *Schmulte v. Fifth Third Bank*, 805 F.Supp.2d 560, 598 n.27 (N.D.Ill. 2011) (J. Dow) (recognizing irrelevance of lodestar cross-check while nevertheless approving fee request with lodestar risk multiplier of 2.5); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 948 n.10 (N.D. Ill. 2001) ("To view the matter through the lens of free market principles, [lodestar analysis] (with or without a multiplier) is truly unjustified as a matter of logical analysis."). Nevertheless, this Court finds that Class Counsel spent in excess of 19,600 attorney hours and over 4,500 hours of non-attorney professional time litigating this case.[2]

Additionally, few lawyers or law firms are capable of handling this type of national litigation, and none have the proven record of Schlichter, Bogard & Denton. Class Counsel's fee request is one-quarter of the unenhanced value of Class Counsel's work based on current lodestar rates, which were derived from market increases on rates found reasonable in other recent cases. *See, e.g.*, Motion for Attorneys' Fees and Costs, *Eshelman v. Client Services, Inc.*, No 0822-CC-00763 (22d Cir. Mo. Dec. 7, 2009); Opinion and Order on Motion of Class Counsel for Fees, Expenses, and Award to Named Plaintiffs at 8, *Martin v. Caterpillar Inc.*, No. 07-1009 (C.D. Ill. Sept. 10, 2010) (Doc. 197); *Will*, 2010 WL 4818174 and Order Awarding Attorneys' Fees and Costs, *Kanawi v. Bechtel Corp.*, No. 06-05566 (N.D. Cal. 2008) (Breyer, J.) (Doc. 828). The Court finds that the market for legal services in cases such as this is a national one, and that a reasonable hourly rate for Class Counsel's services in this case would be $885.60 per hour for attorneys with 25 years or more experience, $691.88 per hour for those with 15 to 24 years of experience, $498.15 per hour for those with 5 to 14 years of experience, and $359.78 per hour for those with between 2 and 4 years of experience. Additionally, hourly rates for $275 per

---

[2] The Court may rely on summaries submitted by attorneys and need not review actual billing records. *Will* 2010 WL 4818174 at *3 (citing *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306–07 (3d Cir. 2005)).

6

hour for paralegals and law clerks and $138.38 per hour for legal assistants are reasonable and consistent with national market rates in ERISA fee litigation.

At these reasonable rates, even an unenhanced lodestar would result in a fee far in excess of what Class Counsel have requested here. Accordingly, while this Court does not believe a lodestar cross-check is necessary, Class Counsel's fee request easily withstands such analysis.

This Court further finds that the Class Counsel's reimbursement expenses request was reasonable and necessary. It is well established that counsel who create a common fund like this one are entitled to the reimbursement of litigation costs and expenses, which includes such things as expert witness costs; computerized research; court reports; travel expense; copy, phone and facsimile expenses and mediation. Fed.R.Civ.P. 23; *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980). Class Counsel had a strong incentive to keep expenses at a reasonable level due to the high risk of no recovery when the fee is contingent. Additionally, Class Counsel incurred these expenses over the course of six years. Further, the fact that Class Counsel does not seek interest as compensation for the time value of money or costs associated with advancing these expenses to the Class makes this fee request all the more reasonable.

Finally, Plaintiffs request $15,000 incentive awards to each of the four Named Plaintiffs. "Incentive awards are justified when necessary to induce individuals to become named representatives." *In re Synthroid Marketing Litig.*, 264 F.3d at 722–23. The record suggests that the Named Plaintiffs initiated the action, took on a substantial risk, and remained in contact with Class Counsel. Additionally, the Named Plaintiffs devoted substantial amounts of their own time to benefit the class by responding to document requests, reviewing pleadings, assisting discovery and submitting to lengthy depositions. Furthermore, the total award for all four Named Plaintiffs represents just 0.63% of the total Settlement Fund. Awards of $15,000 for a Named

Plaintiff award and total Named Plaintiff awards of less than one percent of the fund are well within the ranges that are typically awarded in comparable cases. *See, e.g., Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (upholding award of $25,000 to class representative); *Will*, 2010 WL 4818174 at *4 (awarding named Plaintiffs $25,000 each for their contribution to a case concerning allegedly excessive fees in a 401(k) Plan); *In re Dun & Bradstreet Credit Services Customer Litig.*, 130 F.R.D. 366, 377 (S.D.Ohio 1990) (awarding $215,000 or 1.19% of the settlement fund to the Named Plaintiffs).

## II. CONCLUSION

After consideration of Class Counsel's Application, this Court concludes that the requested attorneys' fees and cost reimbursements are fair, reasonable and merited by the Counsel's enormous efforts resulting in relief for the class. But for Class Counsel's determined prosecution of this action, the Kraft 401(k) Plan and its participants would not have obtained any recovery because it is extremely unlikely that they would have found other qualified counsel to assume the burden and risk of pursuing these claims. Schlichter, Bogard & Denton has been virtually alone in its willingness to fully pursue ERISA fiduciary breach claims against large employers for excessive fees, imprudent investment options, and the types of breaches at issue in this case. Accordingly, it is **ORDERED** that the requested attorneys' fees of $3,166,666 are **APPROVED**. It is **FURTHER ORDERED** that the requested reimbursement of $1,496,371.33 in outstanding costs is **APPROVED**. The Settlement Administrator shall pay the combined sum of $4,663,037.33 to the firm of Schlichter, Bogard & Denton out of the Settlement Fund and shall separately pay each of the four Named Plaintiffs the sum of $15,000.

SO ORDERED THIS 26th day of June, 2012.

_____
JUDGE